# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

SAULO MESA, ET AL,

           **Plaintiffs,**

-vs-                                       **Case No.  2:07-cv-47-FtM-34DNF**

AG-MART PRODUCE, INC.,

           **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DECLARATION OF A CLASS ACTION (Doc. No. 14)** |
| **FILED:** | **April 24, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This is an action filed by migrant agricultural workers for violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§1801 *et  seq.* ("AWPA"), the Fair Labor Standards Act, 29 U.S.C. §§210, *et seq.* ("FLSA")[1], and the Florida Minimum Wage Act, Article X

---

[1]  The Plaintiffs do not seek class certification on the FLSA claim.  The FLSA provides its own statutory framework for collective actions outside of Rule 23.  *See*, *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1248-49 (11th Cir. 2003).

§24 of the Florida Constitution and Fla. Stat. §448.10.[2]  The Motion for Declaration of a Class Action (Doc. 14) was referred to this Court by Order (Doc. 21) entered by the Honorable Marcia Morales Howard, United States District Judge, for a report and recommendation.  The Defendant, Ag-Mart Produce, Inc. ("Ag-Mart") filed a Memorandum in Opposition to Motion for Class Certification (Doc. 16) and the Plaintiffs filed a Notice of Error in Class Certification Motion Papers (Doc. 18).  The Court carefully reviewed the submissions of the parties.

## I.  Facts

The facts, as set forth in the Complaint (Doc. 1) are as follows.  Plaintiffs are 177 migrant agricultural workers. (Com.[3] ¶1).  The Plaintiffs are citizens of Mexico who were admitted to the United States on a seasonal or temporary nature.  (Com. ¶9).  Ag-Mart is a Florida corporation doing business as Santa Sweets, Inc. and grows grape tomatoes at various locations in Florida and elsewhere. (Com. ¶10).  Ag-Mart employed the Plaintiffs at various times from June 1, 2005 through July 31, 2006 to perform piece-rate tasks on its Florida agricultural operations such as laying plastic, irrigation, planting, staking, tying, picking, removing plastic, and removing stakes.  (Com. ¶20).  The Plaintiffs believe the class to include over 3000 individuals.  (Com. ¶13).  Count I of the Complaint alleges violations of the AWPA, Count II alleges violations of the FSLA and Count III alleges violations of the Florida Minimum Wage Act.

---

[2]  In the Notice of Error (Doc. 18), the Plaintiffs clarify that they are seeking class certification for the claims in Count I under the AWPA and in Count III under the Florida Minimum Wage Act.  The Plaintiffs are not seeking class certification for violations of the FSLA in Count II of the Complaint.

[3]  "Com." refers to the Complaint (Doc. 1).

The Plaintiffs move to certify a class of persons who allegedly were injured by Ag-Mart's violation of the AWPA and Florida Minimum Wage Act. Specifically, the Plaintiffs contend that Ag-Mart violated the AWPA by (1) failing to make, keep and preserve records regarding the Plaintiffs' work by failing to record the number of compensable hours worked by the Plaintiffs; (2) failing to provide the Plaintiffs on each pay day with written statements containing certain data required to be disclosed, including the number of compensable hours the Plaintiffs were employed during the workweek; and (3) failing to pay the Plaintiffs their wages when due for work performed, including the sums due under the minimum wage provisions of the FLSA and Florida Minimum Wage Act. The alleged violations stem in large part from the failure of Ag-Mart to compensate the Plaintiffs for certain waiting times. (Doc. 14, p. 5). The farm contractors would transport the migrant agricultural workers to the fields and then the workers would wait for extensive periods of time before beginning the agricultural work. (Doc. 14, p. 5). The migrant agricultural workers were not compensated for this waiting time. (Doc. 14, p.5).

## II. Analysis

The question of whether to certify a class is left to the sound discretion of the district court. *Cooper v. Southern Company*, 390 F.3d 695, 711 (11th Cir. 2004). The party moving for class certification has the burden of proof to establish the propriety of the class certification. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008) (citing *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003)). In order to certify a class, all the requirements of Fed.R.Civ.P. 23(a) must be met, as well as one requirement of Fed.R.Civ.P. 23(b). *Busby*, 513 F.3d at 1321, and *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003). The four

elements required for class certification are: 1) numerosity, the class is so numerous that joinder of all members is impracticable; 2) commonality, there are questions of law or fact common to the class; 3) typicality, the claims or defenses of the class are typical;  and 4) adequacy, the class representative will fairly and adequately protect the interests of the class.  *Id.* at 1255-56, *Franze v. Equitable Assurance*, 296 F.3d 1250, 1253 (11th Cir. 2002), (citing Fed.R.Civ.P. 23(a)).

Rule 23(b) provides as follows:

A class action may be maintained if Rule 23(a) is satisfied and if:
(1)    prosecuting separate actions by or against individual class members would create a risk of:
   (A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
   (B)    adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
(2)    the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
(3)    the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  The matters pertinent to the findings include:
   (A)    the class members' interests in individually controlling the prosecution or defense of separate actions;
   (B)    the extent and nature of any litigation concerning the controversy already begun by or against class members;
   (C)    the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
   (D)    the likely difficulties in the managing  a class action.

Fed.R.Civ.P. 23(b), See Also, *Franze v. Equitable Assurance*, 296 F.3d at 1253.  The district court is required  to evaluate the requirements of a class certification even if not seriously contested by the defendants.  *Valley Drug Co. v. Geneva Pharmaceuticals*, 350 F.3d 1181, 1188 (11th Cir. 2003).  A

trial court should not determine the merits of the claims at the class certification stage, however, the trial court can consider the merits of the case "'to the degree necessary to determine whether the requirements of Rule 23 will be satisfied.'" *Heffner v. Blue Cross and Blue Shield of Ala.,* Inc., 443 F.3d 1330, 1337 (11th Cir. 2006) (citing *Valley Drug*, 350 F.3d at 1188, n. 15).

> The Plaintiffs seek to certify a class defined as follows:
>
> All migrant and seasonal agricultural workers, as defined by the AWPA, who were employed on a piece-rate basis by Ag-Mart on its Florida operations from June 1, 2005 through July 31, 2006, inclusive.  These piece-rate tasks include laying plastic, irrigation, planting, staking, tying, picking and removing plastic and stakes post-harvest.

(Doc. 14, p. 6).  The Plaintiffs contend that the requirements of Rule 23(a) and that of the common questions of law predominate and the superiority requirements of Fed.R.Civ.P. 23(b)(3) are satisfied.

## A. Standing

Initially, the Court must determine that the named plaintiffs have standing pursuant to Article III to raise each class claim.  *Busby v. JRHBW Realty,* Inc., 513 F.3d 1314, 1321 (11th Cir. 2008) (citing *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004)), and *Murray v. U.S. Bank Trust Nat. Ass'n.,* 365 F.3d 1284, 1289, n. 7 (11th Cir. 2004).   "Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class." *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003).  The Plaintiffs contend that they have satisfied the standing requirement because they are migrant agricultural workers who were employed by Ag-Mart on a piece-rate basis during the 2005-2006 grape tomato season, and were subject to the alleged unlawful practices that form the basis for the claims on which class certification is sought.  (Doc. 14, p. 7).  Ag-Mart did not address the issue of standing in its Memorandum in Opposition to Motion for Class Certification (Doc. 16).  After a review of the allegations in the

Complaint, the Court concludes that the proposed class representatives have standing to pursue the claims in the Complaint.

## B. Rule 23(a) Requirements

### 1. Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). Plaintiffs seeking class certification do not need to know the exact size of the proposed class. *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 696 (S.D. Fla. 2004). While the size of the proposed class is relevant to the court's determination, other factors such as "'the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits'" should also be considered. *Id.*, *(*citing *In re Terazosin Hydrochloride Antitrust Litigation*, 220 F.R.D. 672, 685 (S.D. Fla 2004) and *Walco Inv., Inc. v. Thenen*, 168 F.R.D. 315, 324 (S.D. Fla. 1996)).

The Plaintiffs contend that the numerosity requirement is met for four reasons. First, the Plaintiffs estimate that the size of the class is over 3000 members.[4] Second, the amount of unpaid wages for each individual class member is relatively small and individual suits are not economically feasible. Third, the class members reside throughout the United States, Mexico and Central America. Fourth, the class members lack sophistication in maintaining individual suits and joinder of each class

---

[4] Ag-Mart does dispute that 3000 is the appropriate number for potential class members, and asserts that migrant agricultural workers who were members of other work crews have no commonality with the class representatives. This issue will be addressed in the commonality portion of this Report and Recommendation.

member is not practical based upon the class members not being proficient in English and unfamiliar with the American legal system. Ag-Mart does not dispute that the numerosity requirement is satisfied. After reviewing the allegations in the Complaint (Doc. 1), the Court agrees that the joinder of potentially 3000 individual migrant agricultural workers who reside throughout the United States, Mexico and Central America, whose damages are relatively small, and who lack sophistication in maintaining individual lawsuits would be burdensome. Therefore, the Court concludes that the Plaintiffs have satisfied the numerosity requirement of Rule 23(a)(1).

### 2. Typicality

To satisfy the typicality requirement of a class representative, the class representative must have the same interest and suffer the same injury as the class members. *Busby v. JRHBW Realty,* Inc., 513 F.3d 1314, 1322 (11th Cir. 2008) (citing *Cooper v. Southern Co.,* 390 F.3d 695, 713 (11th Cir. 2004)). The main focus of the typicality requirements is that the plaintiffs will advance the interests of the class members by advancing their own interests. *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 698 (S.D. Fla. 2004). "'Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large.'" *Cooper v. Southern Company*, 390 F.3d 695, 713 (11th Cir. 2004) (citing *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)). "The typicality requirement is satisfied if 'the claims or defenses of the class and class representative arise from the same event or pattern or practice and are based on the same theory.'" *Agan*, 222 F.R.D. at 698, (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). The typicality requirement is generally met if the class representative and the class members received the same unlawful conduct, irrespective of whether the fact patterns that underlie each claim vary. *Agan*, 222

F.R.D. at 698.   The main concern is whether the named class representatives' claims have the same essential characteristics as the class members at large.   *Id*.[5]

The Plaintiffs contend that Ag-Mart failed to keep records, issue wage statements, and pay wages as is required under the AWPA and the Florida Minimum Wage Act.   The Plaintiffs contend that for the named plaintiffs to succeed, they must show that Ag-Mart violated the AWPA in the exact same manner as would apply to all of the class members.   The Plaintiffs assert that they would have to prevail on the same factual premise and the same legal theories as to their own claims and the claims of the other class members.   Ag-Mart argues that the Plaintiffs infer in a conclusory fashion that their claims are typical which is not sufficient.

The named plaintiffs assert that Ag-Mart failed to accurately record the number of compensable hours that the named plaintiffs and other class members worked;  failed to provide wage statements containing certain data required to be disclosed, including the number of compensable hours the Plaintiffs and other class members were employed during the workweek; and  failed to pay the Plaintiffs and other class members their wages when due for work performed.   The named plaintiffs' and the other class members' claims arise out of the same conduct and essentially the same factual basis which is that Ag-Mart failed to accurately record compensable time, accurately provide wage statements with the compensable hours, and failed to pay the migrant agricultural workers for the work performed.

---

[5]   The typicality and commonality requirements "tend to merge."  *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).   "Traditionally, commonality refers to the group characteristics of the class as a whole and typicality refers to the individual characteristics of the named plaintiff in relation to the class."  *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278-9 (11th Cir. 2000).   Neither typicality nor commonality require that all class members' claims be identical, and both may be satisfied even if some factual differences exist between the class member and the class representatives.  *Id*. at 1279 n.14.

Therefore, the Court determines that the Plaintiffs have satisfied the typicality requirement under Rule 23(a)(3).

### 3. Commonality

The "commonality requirement measures the extent to which all members of a putative class have similar claims. 'Traditionally, commonality refers to the group characteristics of the class as a whole [while] typicality refers to the individual characteristics of the named plaintiff in relation to the class.' [*Prado-Steiman*, 221 F.3d at 1279]. Under the commonality, 'a class action must involve issues that are susceptible to class wide proof.'" *Cooper*, 390 F.3d at 714 (citing *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001)). The Plaintiffs contend that pursuant to Rule 23(a)(2), questions of law and fact are common to the class members. Specifically, the Plaintiffs identify the following as the common questions of fact:

> a.      Whether the Defendants made, kept and preserved payroll records as required by the AWPA and its implementing regulations with respect to the labor of the Plaintiffs and the other class members;
> b.      Whether the Defendant provided to the Plaintiffs and the other members of the class wage statements on each payday as required by the AWPA and its implementing regulations;
> c.      Whether the Defendant failed to pay the Plaintiffs and the other members of the class their wages promptly when due;

The Plaintiffs identify the following as the common questions of law:

> a.      Whether the Defendant made, kept and preserved payroll records as required by the AWPA, including among other things, the actual hours each of the class members was employed;
> b.      Whether the Defendant provided the class members with wage statements containing the data mandated by the AWPA, including the number of hours each class member was employed during the pay period;
> c.      Whether the Defendant failed to pay the class members their wages promptly when due by failing to compensate them for all hours worked, including the time spent

waiting at the Defendant's direction for the dew to dry on the grape tomato crop before commencing harvesting; and

d.  Whether the Defendant's violations of the AWPA were "intentional," within the meaning of the statute, 29 U.S.C. §1845(c).

(Motion, Doc. 14, p. 2-3).

The Plaintiffs argue that the above are the common questions of fact and law which satisfy the commonality requirement.  The Plaintiffs assert that Ag-Mart failed to pay piece-rate migrant agricultural workers their compensation for the actual hours they worked rendering Ag-Mart's payroll records and wage statements inaccurate.  By not paying the piece-rate migrant agricultural workers for all the hours worked deprived them of receiving the minimum wage.  The Plaintiffs contend that all of Ag-Mart's piece-rate employees were paid through the same common payroll system and an examination of the payroll practices applies to all of the named plaintiffs and other potential class members.

Ag-Mart asserts that there are factual distinctions among the putative class members arguing that even though the putative class members worked for Ag-Mart during the period of June 1, 2005 though July 31, 2006, they worked in different locations, worked different amounts of time, and performed different work.  Ag-Mart argues that by simply being employees of the same employer is not sufficient for class certification.  Ag-Mart claims that each crew was different with different supervisors from various farm labor contractors that were employed by Ag-Mart to transport, manage and direct the work of the migrant agricultural workers.  If an employee worked in a location where none of the named plaintiffs worked, then Ag-Mart contends that the named plaintiffs would not have any common or typical claims with this employee.  Further, Ag-Mart argues that the Plaintiffs have not provided proof that Ag-Mart's crew leaders had a pattern of under-reporting compensable time.

The Plaintiffs assert common questions of fact among the class members. In particular the Plaintiffs assert that migrant agricultural workers paid at a piece-rate were not compensated for the hours that they worked, did not receive proper wage statements, and Ag-Mart failed to keep appropriate records. Whether these migrant agricultural workers worked in different locations, different hours, or for different crew leaders does not change the common issue of fact regarding compensation, wage statements, and appropriate record-keeping. As to the argument regarding the lack of evidence provided by the Plaintiffs, at the class certification stage, the Court is not to determine the merits of the claim but only consider the merits as to whether the requirements of Rule 23 will be satisfied. *Heffner v. Blue Cross and Blue Shield of Ala.,* Inc., 443 F.3d 1330, 1337 (11th Cir. 2006) (citing *Valley Drug*, 350 F.3d at 1188, n. 15). The Plaintiffs also assert common questions of law among the class members including whether Ag-Mart violated the AWPA and the Florida Minimum Wage Law by failing to keep accurate records, failing to provide appropriate wage statements, and failing to pay migrant agricultural workers their compensation for hours worked. Upon review of the Plaintiffs' contentions, the Court concludes that the Plaintiffs have satisfied the commonality requirement under Rule 23(a).

### 4. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). There are two separate inquiries under this section: (1) whether there are any substantial conflicts of interest between the named representatives of the class and the class members; and (2) whether the representatives will adequately prosecute the action. *Busby v. JRHBW Realty,* Inc., 513 F.3d at 1323 (citing *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*,

350 F.3d 1181, 1189 (11th Cir. 2003)). This requirement serves to uncover any conflict of interest that named parties may have with the class they represent. *Amchem Products, Inc.*, *v. Windsor*, 521 U.S. 591, 627 (1997). "If substantial conflicts of interest are determined to exist among a class, class certification is inappropriate." *Id*. Minor conflicts alone will not defeat class certification, the conflict must be "'fundamental'" to the specific issues in the case. *Id*. Under this section, the Court must also consider the competency and any conflicts that the class counsel may have. *Amchem Products, Inc.* 521 U.S. at 627, n. 20.

The Plaintiffs contend that they fully and adequately represent the interests of the class and that their claims are not in conflict with the other members of the class. The Plaintiffs argue that all class members will benefit from the relief sought. Further, counsel for the Plaintiffs is experienced in class action litigation in federal court, has been involved in other cases, and will vigorously prosecute this action. Ag-Mart did not contest this issue. After review of the Plaintiffs' contentions, the Court concludes that the Plaintiffs have satisfied the adequacy of representation requirement under Rule 23(a).

### C. Rule 23(b) Requirements

The Plaintiffs contend that their claims are maintainable under Rule 23(b)(3). For class certification to be appropriate under Rule 23(b)(3), common questions must predominate over questions that affect only individual members and the class action must be a superior method for a "'fair and efficient adjudication of the controversy.'" *Cooper*, 390 F.3d at 722, (citing Fed.R.Civ.P. 23(b)(3)). See Also, *Busby v. JRHBW Realty, Inc.*, 513 F.3d at 1324. Rule 23(b)(3) imposes two additional requirements to Rule 23(a) which are the requirements of increased efficiency and

predominance. *Id.,* (citing *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997)).

## 1. Predominance

The issues raised in the class action that are subject to generalized proof and which are applicable to the class as a whole "'must predominate over those issues that are subject only to individualized proof.'" *Cooper*, 390 F.3d at 722, (quoting *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989)). "Common issues will not predominate over individual questions if, 'as a practical matter, the resolution of . . . [an] overarching common issue breaks down into an unmanageable variety of individual legal and factual issues.'" *Id.*, (quoting *Andrews v. Am. Tel. & Tel. Co.*, 95 F.3d 1014, 1023 (11th Cir. 1996)). A class should not be certified if it appears that most of the plaintiffs' claims have highly case-specific factual issues. *Id*. The predominance requirement is "far more demanding" than the commonality requirement. *Jackson*, 130 F.3d at 1005.

The Plaintiffs assert that the class claims predominate over any individual claims, and the individual legal issues are subsumed by the class claims. The overall class claim involves Ag-Mart's record keeping practices and whether migrant agricultural workers were compensated for waiting time. The Plaintiffs assert that a single adjudication of this issue will resolve the issues raised by the class members. Ag-Mart did not contest the allegations regarding predominance.

The AWPA violations set forth in the Complaint raise three separate issues: whether Ag-Mart kept appropriate payroll records; whether the wage statements were adequate; and whether the Plaintiffs were paid for work they performed. The Complaint alleges that these issues are common to

all of the named plaintiffs and to the proposed class members as well.  The resolution of these issues will resolve each potential class member's underlying cause of action under the AWPA as well as the Florida Minimum Wage Act.   The Court determines that the Plaintiffs have shown that common questions of fact and law predominate of issues affecting individual members of the class.

### 2.  Superiority of Class Action

Rule 23(b)(3) requires that a court to find that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed.R.Civ.P. 23(b)(3).  The Court looks to the four non-exclusive matters listed in Rule 23(b)(3) which are:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;
> (D) the likely difficulties in the managing  a class action.

The parties have not apprised the court of pending suits by individual class members which suggests that they lack any compelling interest in controlling the prosecution of this action.  See, *Jim Moore Ins. Agency, Inc. v. State Farm Mut. Auto*, 2003 WL 21146714, *13 (S.D. Fla. 2003).  Further, most if not all of the class members are not fluent in English, are indigent, are located throughout North and Central America, and are unfamiliar with the American legal system which makes them unlikely to bring individual actions.  The Plaintiffs state that there are no other lawsuits filed raising the same issues as presented in this case.  The Plaintiffs contend that this forum is appropriate as Ag-Mart is based in this district, and its principals reside here.  The Plaintiffs assert that the benefits of a class action far outweigh the burden of determining each individual Plaintiff's claim.  The Plaintiffs argue that Ag-

Mart applied the same procedures regarding record-keeping to all piece-rate workers and that each individual Plaintiff would not need to provide testimony to support the Plaintiffs' contentions. The process of bringing individual actions would be much more difficult to maintain than a class action. The Court concludes that the Plaintiffs have established that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### D.  Bilateral Class Certification

Ag-Mart argues that a class should not be certified for the Florida Minimum Wage Act claim because the Plaintiffs have failed to satisfy the statutory conditions precedent regarding notice as is provided in Fla. Stat. §448.110(6)(a).  Ag-Mart also argues that the Court should not assert supplemental jurisdiction over this claim.  As stated earlier, the court should not determine the merits of the claims at this state in the litigation, but only review the merits of the claims  "'to the degree necessary to determine whether the requirements of Rule 23 will be satisfied.'"  *Heffner v. Blue Cross and Blue Shield of Ala.,* Inc., 443 F.3d 1330,  1337 (11th Cir. 2006) (citing *Valley Drug*, 350 F.3d at 1188, n. 15)), and *Moreno-Espinosa v. J & J Ag Products, Inc.*, ____ F.R.D. ____, 2007 WL 4246147, *5 (S.D. Fla. 2007).  In *Moreno-Espinosa v. J & J Ag Products, Inc.*, 2007 WL 4246147 at *1, the Plaintiffs filed a motion for class certification for a breach of contract claim and for a violation of the Florida Minimum Wage Act.  The court found that it must accept the allegations of the complaint as true and only test the allegations of the complaint to determine whether they state a cause of action entitling the class to relief, and whether the requirements of Rule 23 are met.  *Id*.  The court found that the failure to exhaust administrative remedies before bringing suit was not an issue to be determined at the class certification stage, and is better raised in a motion to dismiss or a motion for

summary judgment. *Id.* at 5.   In the instant case, the Court must accept the allegations of the Complaint as true and the Plaintiffs allege that they have performed all conditions precedent to filing an action under the Florida Minimum Wage Act.  (See, Doc. 1, ¶33).  The failure to satisfy conditions precedent is best raised by a motion to dismiss or for summary judgment rather than in opposition to a motion for class certification.  *See, Moreno-Espinosa v. J & J Ag Products, Inc.*, 2007 WL 4246147 at *5.

Ag-Mart also contends that the opt-in requirements of the AWPA and the opt-out requirements of the Florida Minimum Wage Act claim and the FLSA claim would be too confusing for the Plaintiffs with the multiple notices being sent.[6]  The Court determines that having two types of claims will not be so confusing that it will fail to promote the judicial efficiency of a class action over individual cases, and the Court is aware that similar types of claims have been handled by class certification in other cases.   *See, Figueroa-Cardona v. Sorrells Bros. Packing Co., Inc.*, 2007 WL 672303 (M.D. Fla. 2007), and  *Silva-Arriaga v. Texas Express, Inc.*, 222 F.R.D. 684 (M.D. Fla. 2004).

### III.  Conclusion

The Court determines that the Plaintiffs have met the burden of Fed.R.Civ.P. 23(a) and 23(b)(3), and the Court respectfully recommends that the Motion for Declaration of a Class Action

---

[6]  At the time Ag-Mart filed its response, it believed that the Plaintiffs were seeking class certification for the AWPA claim only.  Based upon the Plaintiffs' subsequent filing of the Notice of Error in Class Certification Motion Papers (Doc. 18), the Plaintiffs are seeking class certification under the Florida Minimum Wage Act as well making it an opt-in class claim. Even with this modification, there continues to be an opt-in and an opt-out consideration for the class members. In addition, Ag-Mart requests that an evidentiary hearing be held if the Court considers certifying a class for the Florida Minimum Wage Act claim arguing that Rule 1.220, Fla.R.Civ.P. requires a hearing.  The Federal Rules of Civil Procedure apply to the issue of class certification, and Rule 23 does not have a requirement of an evidentiary hearing.

(Doc. 14) be granted as to Count I and Count III of the Complaint.  The Court respectfully recommends that the class be defined as:

> All migrant and seasonal agricultural workers, as defined by the AWPA, who were employed on a piece-rate basis by Ag-Mart on its Florida operations from June 1, 2005 through July 31, 2006, inclusive.  These piece-rate tasks include laying plastic, irrigation, planting, staking, tying, picking and removing plastic and stakes post-harvest.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this ___31st___ day of _March_, 2008.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-17-