**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

SAULO MESA, et al.,

        Plaintiffs,

v.                                         Case No.  2:07-cv-47-FtM-34DNF

AG-MART PRODUCE, INC.,

        Defendant.

_____/

**O R D E R**[1]

     **THIS CAUSE** is before the Court on Magistrate Judge Douglas N. Frazier's Report

and Recommendation (Dkt. No. 22; Report), entered March 31, 2008, recommending that

Plaintiffs' Motion for Declaration of a Class Action (Dkt. No. 14; Motion) be granted, and that

the Court certify a class action as to Counts I and III of the Complaint for Damages,

Declaratory Relief, Injunctive Relief, Costs of Litigation, and Attorney's Fee (Dkt. No. 1;

Complaint).  To date, no objections to the Report have been filed, and the time for doing so

has passed.[2]

---

    [1]     This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

    [2]     The Court does note, however, that, on June 9, 2008, Defendant filed a Notice of Filing Supplemental Authority in Opposition to Motion for Class Certification (Dkt. No. 25; Notice).  It is unclear why Defendant filed this Notice, as Defendant failed to assert any objection to the Report.  Additionally, the authority attached to the Notice is too factually distinguishable to be relevant to the issues currently before the Court. In the case attached to the Notice, the court addressed the problems associated with maintaining both a class action based on breach of contract pursuant to Rule 23 and a collective action pursuant to 29 U.S.C. § 216(b) in the same case.  As explained infra, the instant case does not involve those circumstances, and thus, the Notice and authority attached thereto will be disregarded.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Rule 72(b) advisory committee's note (1983); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784-85 (11th Cir. 2006) (per curiam).  Therefore, if no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings, but will review the legal conclusions in the report de novo to determine whether there is any clear error.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007); see also 28 U.S.C. § 636(b)(1).

Based upon an independent examination of the record and a de novo review of the legal conclusions, the Court finds that there is no clear error on the face of the record and it will accept and adopt the recommendation of the Magistrate Judge.  Nonetheless, the Court takes this opportunity to make a few additional observations regarding Plaintiffs' Motion and Defendant's Memorandum in Opposition to Motion for Class Certification (Dkt. No. 16; Opposition).  First, in the Opposition, Defendant suggests that Plaintiffs' request for class certification should be denied because it would be too burdensome to manage both "opt-in" and "opt-out" class actions in one case.  See Opposition at 9-12.  Defendant explains that class certification of the claims in Count I (Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801 et seq.) would result in an "opt-in" collective action.  See id. at 11-12.  Defendant's assertions, however, are without merit.  In the Motion,

Plaintiffs request that "the Court . . . permit this matter to proceed as a class action under Rule 23(b)(3) with respect to the claims set forth in Counts I and III of the Complaint." Motion at 23.  Given this request, there is no support for Defendant's suggestion that class certification as to Count I would be an "opt-in" collective action.  See Rule 23(c)(2) & (3); see also De Leon-Granados v. Eller & Sons Trees, Inc., 497 F.3d 1214, 1219 (11th Cir. 2007) (recognizing that "in a Rule 23(b)(3) class action, all qualifying class members become party-plaintiffs unless they opt out of the action" and upholding the certification of a class action as to AWPA claims pursuant to Rule 23(b)(3)).  As a result, contrary to Defendant's contention, see Opposition at 11-12, the certification of a class action pursuant to Rule 23 as to Counts I and III (Florida Minimum Wage Act (FMWA), Fla. Stat. § 448.101)[3] will not require multiple notices or different claim procedures.

Defendant also asserts that Plaintiffs' Motion should fail because Plaintiffs did not provide any evidence in support of the assertions in their Complaint or Motion.  See Opposition at 4-9. However, the Court recognizes that neither Plaintiffs nor Defendant have

---

[3]     The Court observes that Defendant has not sought to dismiss Plaintiffs' claim under the Florida Minimum Wage Act (FMWA), despite challenging the merits of the claim in the Opposition. See Opposition at 9-11. Moreover, Defendant has not argued that class certification of this claim is inappropriate as it conflicts with the Fair Labor Standards Act (FLSA). See Opposition at 9-12; see also, e.g., Resnick v. Oppenheimer & Co., No. 07-80609-CIV, 2008 WL 113665, at *4 (S.D. Fla. Jan. 8, 2008) (noting that the court had serious reservations regarding the maintenance of a FMWA as a class action in a case wherein the plaintiff likewise asserted a claim under the FLSA). But see DeLeon-Granados, 497 F.3d at 1219-21 (affirming the certification of a class action based on claim under the AWPA and despite the plaintiff's contemporaneous assertion of a claim under the FLSA); Moreno-Espinosa v. J&J Ag Products, Inc., 247 F.R.D. 686, 687, 691 (S.D. Fla. 2007) (granting a motion to certify a class based on an FMWA claim, despite the fact that the plaintiffs had also asserted a claim under the FLSA).  Indeed, the only specific argument asserted regarding the FMWA claim, besides challenging the merits of the claim, is that class certification is not proper because it would result in the administration of an opt-in collective action and opt-out class action in the same case.  As discussed above, this argument is not availing.  Additionally, to the extent that Defendant was unaware that Plaintiffs were seeking class certification as to Count III in the Motion, Plaintiffs clarified their request in Plaintiffs' Notice of Error in Class Certification Motion Papers (Dkt. No. 18), and Defendant did not seek permission to respond nor did it object to the Report's recommendation to certify such a class.

provided affidavits or other evidentiary submissions in support of or in opposition to the Motion.  Thus, the Court has made its determination based on the pleadings and filings in the record.   While the Court deems the information contained in the Motion along with the allegations in the Complaint to be sufficient for purposes of certifying a class action under Rule 23, particularly in light of the conclusory assertions contained in Defendant's Opposition and Defendant's failure to dispute Plaintiffs' factual assertions, see Silva-Arriaga v. Tex. Express, Inc., 222 F.R.D. 684, 691 (M.D. Fla. 2004), the Court is not foreclosing the possibility that this decision may be revisited during the course of the litigation, if it is appropriate and there is a valid and fully supported basis for doing so, see Rule 23(c)(1)(C). Additionally, the Court's decision to allow Plaintiffs to maintain a class action as to Counts I and III in no way should be interpreted as the Court's approval or disapproval of the merits of these claims.  As recognized by the Magistrate Judge, a decision on the merits of these claims is better reserved for a ruling on properly briefed dispositive motion.  See Report at 16.

For all of the foregoing reasons as well as those identified by the Magistrate Judge (to the extent that they are not inconsistent with the foregoing), the Court concludes that Plaintiffs' Motion should be granted.  The undersigned agrees with the Magistrate Judge that Plaintiffs have satisfied the requirements of Rule 23 as to Counts I and III of the Complaint to permit class certification.  Accordingly, it is hereby **ORDERED**:

1.    Magistrate Judge Douglas N. Frazier's Report and Recommendation (Dkt. No. 22), as supplemented by this Order, is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

2.      Plaintiffs' Motion for Declaration of a Class Action (Dkt. No. 14) is **GRANTED**
as to Counts I and III of the Complaint.[4]   The Court certifies the following
class:[5]

> All migrant and seasonal agricultural workers, as defined by the
> Migrant and Seasonal Agricultural Worker Protection Act
> (AWPA), 29 U.S.C. § 1801 et seq., who were employed on a
> piece-rate basis by Ag-Mart Produce, Inc., at its operations in
> Florida from June 1, 2005, through July 31, 2006, inclusive.
> These piece-rate tasks include laying plastic, irrigation, planting,
> staking, tying, picking, and removing plastic and stakes post-
> harvest.

3.      In accordance with Rule 23(c)(1)(B), the class claims and issues are identified
in the Report and Recommendation (Dkt. No. 22) and include the following:

a.      Whether the class members were employed by Defendant;

b.      Whether the time spent by the workers waiting in the fields for the dew
to dry on the grape tomatoes (herein referred to as uncompensated
waiting time) is compensable under the AWPA and Florida Minimum
Wage Act (FMWA).

c.      Whether Defendant's treatment of uncompensated waiting time resulted
in violations of the AWPA by failing to accurately record compensable

---

[4]      This Order shall not be construed as creating a class with regard to Count II or any of the issues
falling within the scope of a proper FLSA action, 29 U.S.C. § 201 et seq.

[5]      In its Opposition, Defendant does not assert that Plaintiffs' proposed class definition is too
broad, amorphous, or vague, or that their proposed definition will create administrative difficulties due to the
number of individualized determinations, see Opposition at 5-9; see also Perez v. Metabolife Int'l, Inc., 218
F.R.D. 262, 269 (S.D. Fla. 2003), and Defendant did not assert any objection to the Report, which recommends
the approval of Plaintiffs' proposed class definition.  As the Court finds no clear legal error in this class definition,
it accepts the recommendation of the Magistrate Judge.

time, provide accurate wage statements, and pay the workers for the work performed.

d.     Whether Defendant's treatment of uncompensated waiting time resulted in violations of the FMWA by failing to pay the workers the minimum wage required by the Act.

4.     In accordance with Rule 23(g), counsel for Plaintiffs, Gregory S. Schell, Esq., and Migrant Farmworker Justice Project of Florida Legal Services, Inc., are appointed as counsel for the class.

5.     No later than **August 29, 2008**, Plaintiffs shall submit to the Court for approval a proposed notice to the class members in accordance with Rule 23(c)(2)(B). Prior to filing this proposed notice, Plaintiffs shall confer with Defendant in an attempt to agree on the language of the class notice.

**DONE AND ORDERED** in Chambers, this 18th day of July, 2008.

MARCIA MORALES HOWARD
United States District Judge

lc1
Copies to:

Counsel of Record